```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

EMILIA LOPES,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:11CV1961(RNC)
                                 :
HUBBELL INCORPORATED,            :
                                 :
     Defendant.                  :
                                 :
```

## RULING ON MOTION TO COMPEL

Pending before the court is the defendant's Motion to Compel.  (Doc. 28.)[1]  At oral argument, counsel represented that Interrogatories Nos. 3 and 8 and Document Requests Nos. 6, 7 and 9 are no longer in dispute.  After considering the arguments made by the parties in their papers and during oral argument, the court rules on the remaining disputes as follows:

    1.  Interrogatory No. 11 and Document Requests Nos. 17 and 18 are granted in part and denied in part.  Because the plaintiff put her mental health at issue by seeking damages for emotional distress, the defendant is entitled to investigate her mental health, including the possible effects of the alleged carpal tunnel and fibromyalgia conditions raised in the plaintiff's July 2012 deposition testimony.  For the time period from 2006 to the present, the plaintiff shall provide an index

---

[1] District Judge Robert N. Chatigny referred the motion to the undersigned for a ruling.  (Doc. #30.)

of medical records that identifies all health care providers and the institutions at which she received care, the dates of treatment and the nature of the condition for which she sought treatment.  The plaintiff shall produce all records of treatment for her mental health, carpal tunnel and fibromyalgia conditions since 2006.  Additionally, the parties shall have a reasoned discussion as to whether any other condition described in the index might bear on her claim of emotional distress.  If so, the plaintiff shall produce the relevant records.

    2.  The plaintiff shall comply with Document Requests Nos. 1, 8 and 10.  The plaintiff need not reproduce documents that the defendant has produced to plaintiff since the commencement of this action.

    3.  The plaintiff shall comply with Document Request No. 11 by producing any agreement containing or describing the fee arrangement with her counsel in this matter. Contrary to the plaintiff's assertion that the lodestar method renders the fee arrangement irrelevant to her claim for attorney's fees, this court has noted that "whether the fee is fixed or contingent" may be relevant to the calculation of attorney's fees under the lodestar method in a Title VII case.  See Serricchio v. Wachovia Securities, LLC, 706 F. Supp. 2d 237, 253 n.6 (D. Conn. 2010) (citing twelve factors).

4.  Document Request No. 15 is granted in part and denied in part.  For the period from 2007 to the present, the plaintiff shall produce all income records responsive to Document Request No. 15, including complete copies of her federal income tax returns.  If she does not have complete copies of the tax returns in her possession, she shall authorize the defendant to obtain them.

5.  The plaintiff's request for an award of fees and costs incurred in bringing this motion is denied.  <u>See</u> Fed. R. Civ. P. 37(a)(5).  The circumstances do not warrant sanctions.

SO ORDERED at Hartford, Connecticut this 26th day of July, 2012.

```
            _____/s/_____
            Donna F. Martinez
            United States Magistrate Judge
```